Smith, J.
The defendant was indicted by the grand jury of this county, and charged with grand larceny, by stealing a check for $38.71,the personal property of one Henry G-raue, of the value of $38.71. The check was set out in haec verba, and was one drawn payable to the order of defendant, and indorsed by him. The defendant was found guilty by the jury which tried him, and the value of the property stolen, was assessed at $38.71. A motion for a new trial was overruled and exception taken, and the defendant sentenced to be imprisoned in the penitentiary for the period of one year. A bill of exceptions containing all of the evidence, the *159 charge of the court and exceptions thereto, and the refusal of the court to give certain instructions to the jury asked by the defendant, with the exceptions to such rulings, was duly allowed by the trial court, and the question presented is, whether in any of those rulings the court erred to the prejudice of the defendant.
It is first objected that the copy of the indictment served upon the defendant was not a true copy,in that it described the property stolen as that of Henry Graue. We do not see how the question arises upon the record; but if it were properly presented, we do not see how it could avail the defendant. If it was not a true copy, he should have raised that question before going to trial, but he did not do so.
The evidence tended to show that the defendant held the check in question, payable to his order, and with others went to the place of business of Graue to have it cashed, as they were accustomed to do. The wife of Graue was attending to the business for her husband, and after cashing checks for others, asked defendant if he wanted one cashed. He said he did, and showed it to her, or told her the amount of it, and she told him to indorse it, and he went to a desk and did so. She then paid him the amount of it. Whether he laid it down on the table or not, or whether Mrs. Graue ever had it in her hands, is disputed; she thinks it was laid on the table. The defendant denied this, and says that it. was never out of his possession, and that when she paid him the money, he put it back with the money into his pocket and went away with it, and did not discover that he had it until late in the afternoon of that day,several hours after the transaction at Graue’s. That he then determined to return it to her. That night however, he bought a watch and paid for it, in whole or in part, with the check, intending to go to Graue, and return the money. So much of the evidence is given to show the relevancy of the special charges asked by the defendant to be given to the jury.
*160 The following are special charges asked to be given to the jury, and which were refused, and exceptions taken:'
1. The court instructs the jury that if the defendant,after indorsing the check, did not leave check upon counter, but immediately put the check in his pocket,and that afterwards Mrs. Graue paid him'the money, never having had the check in her possession, and that it was not left upon counter or in anyway delivered to Mrs. Graue, then the legal property in said check was not in said Graue, and the subsequent use of said check was not larceny by defendant.
2. The court instructs the jury that if the defendant took up the check inadvertently, with no intention of stealing it, and afterwards finding it in his possession, intended at the time of the discovery to return the check or the money received thereupon to Mrs. Graue, and maintained that intention throughout, and intended at the time of purchasing said watch from Tbalen, to return said money to Mrs. Graue, then his offense was not larceny.
We think that both of those charges asked for, were correct, and should have been given by the court.
To make the check the property of Graue, first, it should have been delivered to Mrs. Graue. This delivery must be actual or constructive. If the testimony of the defendant was true, (as for this purpose must be conceded, because he testified to it, and the jury might have believed his statement), there was no delivery to her, either actual or constructive. He says she never had manual possession of it; it was not laid down on the counter for her, and it remained in his possession all the while.
If he had inadvertently taken it away with him,it is clear that there was no felonious intent on the part of the defendant at that time. If on discovering that he had it, he in good faith determined to return the check or the money, he might do either. If when he disposed of the check, he in good faith intended to return the money to her, the felonious *161 intent was absent at that time, and such transfer of the check was not larceny.
Wedon O’Neal, attorney for Plaintiff.
Prosecuting Attorney, contra.
The doctrine of those charges was not given to the jury by the court in its general charge, and we think the court ened in refusing to give the special charges, and the judgment is therefore reversed.